NO. 4-01-0524

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

NATIONWIDE GENERAL INSURANCE COMPANY,

Plaintiff-Appellant,

v. (00MR5)

NATHANIEL S. SHAPO, Director of the Illinois Department of Insurance; ROBERT ENOEX, Chief Counsel of the Illinois Department of Insurance; and THE ILLINOIS DEPARTMENT OF INSURANCE,

Defendants-Appellees,

and

NATIONWIDE MUTUAL FIRE INSURANCE

COMPANY,

 Plaintiff-Appellant,

v. (00MR6)

NATHANIEL S. SHAPO, Director of the Illinois Department of Insurance; ROBERT ENOEX, Chief Counsel of the Illinois Department of Insurance; and THE ILLINOIS DEPARTMENT OF INSURANCE,

Defendants-Appellees,

and

NATIONWIDE PROPERTY AND CASUALTY        INSURANCE COMPANY,

Plaintiff-Appellant,

v. (00MR7)

NATHANIEL S. SHAPO, Director of the Illinois Department of Insurance; ROBERT ENOEX, Chief Counsel of the Illinois Department of Insurance; and THE ILLINOIS DEPARTMENT OF INSURANCE,

Defendants-Appellees,

and

NATIONWIDE LIFE INSURANCE COMPANY,

Plaintiff-Appellant,

v. (00MR8)

NATHANIEL S. SHAPO, Director of the Illinois Department of Insurance; ROBERT ENOEX, Chief Counsel of the Illinois Department of Insurance; and THE ILLINOIS DEPARTMENT OF INSURANCE,

Defendants-Appellees,

and

NATIONWIDE MUTUAL INSURANCE COMPANY,

Plaintiff-Appellant,

v. (00MR9)

NATHANIEL S. SHAPO, Director of the

)))))))

)

)

)))))))))))))))))))))))))))))))))))))

Appeal from

Circuit Court of

Sangamon County

Nos. 00MR
5

     00MR6

     00MR
7

     00MR8

     00MR
9

     00MR
10

     00MR
11

     00MR
12

     00MR
129

     00MR
166

     00MR
506

     00MR
566

     00MR
584

     00MR
592

     00MR
593

     00MR
594

     00MR
597

     00MR
598

     00MR
690

     00MR
826

     00MR
827

     00MR
852

     01MR
23

     01MR
82

     01MR
180

     01MR
182

     01MR
202

     01MR
203

     01MR
204

Illinois Department of Insurance; ROBERT ENOEX, Chief Counsel of the Illinois Department of Insurance; and THE ILLINOIS DEPARTMENT OF INSURANCE,

Defendants-Appellees,

and

NATIONAL CASUALTY COMPANY,

Plaintiff-Appellant,

v. (00MR10)

NATHANIEL S. SHAPO, Director of the Illinois Department of Insurance; ROBERT ENOEX, Chief Counsel of the Illinois Department of Insurance; and THE ILLINOIS DEPARTMENT OF INSURANCE,

Defendants-Appellees,

and

COLONIAL LIFE AND ACCIDENT INSURANCE COMPANY; COMMERCIAL LIFE INSURANCE COMPANY; PAUL REVERE LIFE INSURANCE COMPANY; PAUL REVERE PROTECTIVE LIFE INSURANCE COMPANY; PAUL REVERE VARIABLE ANNUITY INSURANCE COMPANY; PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY; and UNUM LIFE INSURANCE COMPANY OF AMERICA,

Plaintiffs-Appellants,

v. (00MR11)

NATHANIEL S. SHAPO, Director of the Illinois Department of Insurance; ROBERT ENOEX, Chief Counsel of the Illinois Department of Insurance; and THE ILLINOIS DEPARTMENT OF INSURANCE,

Defendants-Appellees,

and

AMERICAN FAMILY MUTUAL INSURANCE COMPANY and AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN,

Plaintiffs-Appellants,

v. (00MR12)

NATHANIEL S. SHAPO, Director of the Illinois Department of Insurance; ROBERT ENOEX, Chief Counsel of the Illinois Department of Insurance; and THE ILLINOIS DEPARTMENT OF INSURANCE,

Defendants-Appellees,

and

CHARTER OAK FIRE INSURANCE COMPANY; PHOENIX INSURANCE COMPANY; TRAVELERS INSURANCE COMPANY; TRAVELERS INDEMNITY COMPANY; and TRAVELERS INDEMNITY COMPANY OF CONNECTICUT,

)))))))))))))))))))))))))))))))))))))))))))))))))))

Plaintiffs-Appellants,

v. (00MR129)

NATHANIEL S. SHAPO, Director of the Illinois Department of Insurance; ROBERT ENOEX, Chief Counsel of the Illinois Department of Insurance; and THE ILLINOIS DEPARTMENT OF INSURANCE,

Defendants-Appellees,

and

PRINCIPAL LIFE INSURANCE COMPANY,

Plaintiff-Appellant,

v. (00MR166)

NATHANIEL S. SHAPO, Director of the Illinois Department of Insurance; ROBERT ENOEX, Chief Counsel of the Illinois Department of Insurance; and THE ILLINOIS DEPARTMENT OF INSURANCE,

Defendants-Appellees,

and

CONNECTICUT GENERAL LIFE INSURANCE COMPANY and LIFE INSURANCE COMPANY OF NORTH AMERICA,

Plaintiffs-Appellants,

v. (00MR506)

NATHANIEL S. SHAPO, Director of the Illinois Department of Insurance; ROBERT ENOEX, Chief Counsel of the Illinois Department of Insurance; and THE ILLINOIS DEPARTMENT OF INSURANCE,

Defendants-Appellees,

and

PRIMERICA LIFE INSURANCE COMPANY and GULF INSURANCE COMPANY,

Plaintiffs-Appellants,

v. (00MR566)

NATHANIEL S. SHAPO, Director of the Illinois Department of Insurance; ROBERT ENOEX, Chief Counsel of the Illinois Department of Insurance; and THE ILLINOIS DEPARTMENT OF INSURANCE,

Defendants-Appellees,

and

LAKE STATES INSURANCE COMPANY,

Plaintiff-Appellant,

v. (00MR584)

NATHANIEL S. SHAPO, Director of the Illinois Department of Insurance; ROBERT ENOEX, Chief Counsel of the Illinois Department of Insurance; and THE ILLINOIS DEPARTMENT OF INSURANCE,

Defendants-Appellees,

)))))))))))))))))))))))))))))))))))))))))))))))))))

and

AETNA LIFE INSURANCE AND ANNUITY COMPANY,

Plaintiff-Appellant,

v. (00MR592)

NATHANIEL S. SHAPO, Director of the Illinois Department of Insurance; ROBERT ENOEX, Chief Counsel of the Illinois Department of Insurance; and THE ILLINOIS DEPARTMENT OF INSURANCE,

Defendants-Appellees,

and

AETNA LIFE INSURANCE COMPANY, Plaintiff-Appellant,

v. (00MR593)

NATHANIEL S. SHAPO, Director of the Illinois Department of Insurance; ROBERT ENOEX, Chief Counsel of the Illinois Department of Insurance; and THE ILLINOIS DEPARTMENT OF INSURANCE,

Defendants-Appellees,

and

HARTFORD FIRE INSURANCE COMPANY; HARTFORD ACCIDENT AND INDEMNITY COMPANY; HARTFORD CASUALTY COMPANY; HARTFORD UNDERWRITERS INSURANCE COMPANY; TWIN CITY FIRE INSURANCE COMPANY; HARTFORD INSURANCE COMPANY OF THE MIDWEST; HARTFORD LIFE INSURANCE COMPANY; HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; and ITT HARTFORD LIFE AND ANNUITY INSURANCE COMPANY,

Plaintiffs-Appellants,

v. (00MR594)

NATHANIEL S. SHAPO, Director of the Illinois Department of Insurance; ROBERT ENOEX, Chief Counsel of the Illinois Department of Insurance; and THE ILLINOIS DEPARTMENT OF INSURANCE,

Defendants-Appellees,

and

FARMERS INSURANCE EXCHANGE; MID-CENTURY INSURANCE COMPANY; and TRUCK INSURANCE EXCHANGE,

Plaintiffs-Appellants,

v. (00MR597)

NATHANIEL S. SHAPO, Director of the Illinois Department of Insurance; ROBERT ENOEX, Chief Counsel of the Illinois Department of Insurance; and THE ILLINOIS DEPARTMENT OF INSURANCE,

)))))))))))))))))))))))))))))))))))))))))))))))))))

Defendants-Appellees,

and

AMERICAN FIRE AND CASUALTY COMPANY; THE AUTOMOBILE INSURANCE COMPANY OF HARTFORD; THE CHARTER OAK FIRE INSURANCE COMPANY; FAIRMONT INSURANCE COMPANY; FARMINGTON CASUALTY COMPANY; FIRST NATIONAL INSURANCE COMPANY OF AMERICA; GENERAL INSURANCE COMPANY OF AMERICA; THE OHIO CASUALTY INSURANCE COMPANY; OHIO SECURITY INSURANCE COMPANY; THE PHOENIX INSURANCE COMPANY; PRINCIPAL LIFE INSURANCE COMPANY; RELIANCE INSURANCE COMPANY; RELIANCE NATIONAL INDEMNITY COMPANY; RELIANCE NATIONAL INSURANCE COMPANY; SAFECO INSURANCE COMPANY OF AMERICA; SAFECO NATIONAL INSURANCE COMPANY; TIG COUNTRYWIDE INSURANCE COMPANY; TIG INDEMNITY COMPANY; TIG INSURANCE COMPANY; TIG INSURANCE COMPANY OF MICHIGAN; TIG INSURANCE COMPANY OF AMERICA; TIG PREMIER INSURANCE COMPANY; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA; TRAVELERS CASUALTY AND SURETY COMPANY; TRAVELERS CASUALTY AND SURETY COMPANY OF CONNECTICUT; TRAVELERS COMMERCIAL INSURANCE COMPANY; THE TRAVELERS HOME AND MARINE INSURANCE COMPANY; THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT; THE TRAVELERS INDEMNITY COMPANY; THE TRAVELERS INSURANCE COMPANY; THE TRAVELERS LIFE AND ANNUITY COMPANY; UNITED PACIFIC INSURANCE COMPANY; UNITED WISCONSIN LIFE INSURANCE COMPANY; and WEST AMERICAN INSURANCE COMPANY,

Plaintiffs-Appellants,

v. (00MR598)

NATHANIEL S. SHAPO, Director of the Illinois Department of Insurance; ROBERT ENOEX, Chief Counsel of the Illinois Department of Insurance; and THE ILLINOIS DEPARTMENT OF INSURANCE,

Defendants-Appellees,

and

FEDERAL INSURANCE COMPANY and THE GREAT NORTHERN INSURANCE COMPANY,

Plaintiffs-Appellants,

v. (00MR690)

NATHANIEL S. SHAPO, Director of the

)))))))))))))))))))))))))))))))))))))))))))))))))))

Illinois Department of Insurance; ROBERT ENOEX, Chief Counsel of the Illinois Department of Insurance; and THE ILLINOIS DEPARTMENT OF INSURANCE,

Defendants-Appellees,

and

AMERICAN CASUALTY COMPANY OF READING, PA.; AMERICAN FAMILY LIFE INSURANCE COMPANY; AMERICAN FIRE AND CASUALTY COMPANY; ATHENA ASSURANCE COMPANY; BOSTON OLD COLONY INSURANCE COMPANY; THE BUCKEYE UNION INSURANCE COMPANY; COLUMBUS LIFE INSURANCE COMPANY; COMMERCIAL INSURANCE COMPANY OF NEWARK, N.J.; THE CONTINENTAL INSURANCE COMPANY; FAIRMONT INSURANCE COMPANY; FARMERS INSURANCE EXCHANGE; THE FIDELITY AND CASUALTY COMPANY OF NEW YORK; FIDELITY AND GUARANTY INSURANCE COMPANY; FIDELITY AND GUARANTY INSURANCE UNDERWRITERS, INC.; FIREMEN'S INSURANCE COMPANY OF  NEWARK, N.J.; FIRST NATIONAL INSURANCE COMPANY OF AMERICA; GENERAL INSURANCE COMPANY OF AMERICA; THE GLENS FALLS INSURANCE COMPANY; KANSAS CITY FIRE AND MARINE INSURANCE COMPANY; THE MAYFLOWER INSURANCE COMPANY, LTD.; MID-CENTURY INSURANCE COMPANY; MIDWEST SECURITY LIFE INSURANCE COMPANY; NATIONAL FIRE INSURANCE COMPANY OF HARTFORD; NIAGARA FIRE INSURANCE COMPANY; THE OHIO CASUALTY INSURANCE COMPANY; SAFECO INSURANCE COMPANY OF AMERICA; SAFECO NATIONAL INSURANCE COMPANY; SEABOARD SURETY COMPANY; ST. PAUL FIRE AND MARINE INSURANCE COMPANY; ST. PAUL MERCURY INSURANCE COMPANY; ST. PAUL GUARDIAN INSURANCE COMPANY; ST. PAUL MEDICAL LIABILITY INSURANCE COMPANY; TIG COUNTRYWIDE INSURANCE COMPANY; TIG INDEMNITY COMPANY; TIG INSURANCE COMPANY; TIG INSURANCE COMPANY OF MICHIGAN; TIG INSURANCE CORPORATION OF AMERICA; TIG PREMIER INSURANCE COMPANY; TRANSCONTINENTAL INSURANCE COMPANY; TRUCK INSURANCE EXCHANGE; US FIDELITY AND GUARANTY COMPANY; VALLEY FORGE INSURANCE COMPANY; VALLEY FORGE LIFE INSURANCE COMPANY; WEST AMERICAN INSURANCE COMPANY; WESTERN-SOUTHERN LIFE ASSURANCE

)))))))))))))))))))))))))))))))))))))))))))))))))))

COMPANY; and THE WESTERN AND SOUTHERN LIFE INSURANCE COMPANY,

Plaintiffs-Appellants,

v. (00MR852)

NATHANIEL S. SHAPO, Director of the Illinois Department of Insurance; ROBERT ENOEX, Chief Counsel of the Illinois Department of Insurance; and THE ILLINOIS DEPARTMENT OF INSURANCE,

Defendants-Appellees,

and

GOVERNMENT EMPLOYEES INSURANCE COMPANY; GEICO GENERAL INSURANCE COMPANY; GEICO CASUALTY COMPANY; and GEICO INDEMNITY COMPANY,

Plaintiffs-Appellants,

v. (01MR23)

NATHANIEL S. SHAPO, Director of the Illinois Department of Insurance; ROBERT ENOEX, Chief Counsel of the Illinois Department of Insurance; and THE ILLINOIS DEPARTMENT OF INSURANCE,

Defendants-Appellees,

and

AETNA LIFE INSURANCE COMPANY, Plaintiff-Appellant,

v. (00MR826)

NATHANIEL S. SHAPO, Director of the Illinois Department of Insurance; ROBERT ENOEX, Chief Counsel of the Illinois Department of Insurance; and THE ILLINOIS DEPARTMENT OF INSURANCE,

Defendants-Appellees,

and

AETNA LIFE INSURANCE AND ANNUITY COMPANY,

Plaintiff-Appellant,

v. (00MR827)

NATHANIEL S. SHAPO, Director of the Illinois Department of Insurance; ROBERT ENOEX, Chief Counsel of the Illinois Department of Insurance; and THE ILLINOIS DEPARTMENT OF INSURANCE,

Defendants-Appellees,

and

AMERICAN FAMILY LIFE INSURANCE COMPANY,

Plaintiff-Appellant,

v. (01MR180)

NATHANIEL S. SHAPO, Director of the Illinois Department of Insurance;

)))))))))))))))))))))))))))))))))))))))))))))))))))

ROBERT ENOEX, Chief Counsel of the Illinois Department of Insurance; and THE ILLINOIS DEPARTMENT OF INSURANCE,

Defendants-Appellees,

and

THE LAFAYETTE LIFE INSURANCE COMPANY; OHIO NATIONAL LIFE ASSURANCE CORPORATION; THE OHIO NATIONAL LIFE INSURANCE COMPANY; STATE AUTO MUTUAL INSURANCE COMPANY; and STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY,

Plaintiffs-Appellants,

v. (01MR182)

NATHANIEL S. SHAPO, Director of the Illinois Department of Insurance; ROBERT ENOEX, Chief Counsel of the Illinois Department of Insurance; and THE ILLINOIS DEPARTMENT OF INSURANCE,

Defendants-Appellees,

and

AGRICULTURAL INSURANCE COMPANY; AMERICAN ALLIANCE INSURANCE COMPANY; AMERICAN NATIONAL FIRE INSURANCE COMPANY; AMERICAN PREMIER INSURANCE COMPANY; AMERICAN SPIRIT INSURANCE COMPANY; ATLANTA SPECIALTY INSURANCE COMPANY; EAGLE AMERICAN INSURANCE COMPANY; FARMERS INSURANCE EXCHANGE; GREAT AMERICAN INSURANCE COMPANY; HARTFORD ACCIDENT AND INDEMNITY COMPANY; HARTFORD CASUALTY INSURANCE COMPANY; HARTFORD FIRE INSURANCE COMPANY; HARTFORD INSURANCE COMPANY OF THE MIDWEST; HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; HARTFORD LIFE INSURANCE COMPANY; HARTFORD UNDERWRITERS INSURANCE COMPANY; INFINITY INSURANCE COMPANY; ITT HARTFORD LIFE AND ANNUITY INSURANCE COMPANY; MID-CENTURY INSURANCE COMPANY; MID-CONTINENT CASUALTY COMPANY; TRUMBULL INSURANCE COMPANY; TWIN CITY FIRE INSURANCE COMPANY; and WINDSOR INSURANCE COMPANY,

Plaintiffs-Appellants,

v. (01MR82)

NATHANIEL S. SHAPO, Director of the Illinois Department of Insurance; ROBERT ENOEX, Chief Counsel of the Illinois Department of Insurance; and THE ILLINOIS DEPARTMENT OF INSURANCE,

Defendants-Appellees,

)))))))))))))))))))))))))))))))))))))))))))))))))))

and

EMPLOYERS INSURANCE OF WAUSAU, A MUTUAL COMPANY, a Wisconsin Corporation,

Plaintiff-Appellant,

v. (01MR204)

NATHANIEL S. SHAPO, Director of the Illinois Department of Insurance; ROBERT ENOEX, Chief Counsel of the Illinois Department of Insurance; and THE ILLINOIS DEPARTMENT OF INSURANCE,

Defendants-Appellees,

and

WAUSAU UNDERWRITERS INSURANCE COMPANY, a Wisconsin Corporation,

Plaintiff-Appellant,

v. (01MR203)

NATHANIEL S. SHAPO, Director of the Illinois Department of Insurance; ROBERT ENOEX, Chief Counsel of the Illinois Department of Insurance; and THE ILLINOIS DEPARTMENT OF INSURANCE,

Defendants-Appellees,

and

WAUSAU BUSINESS INSURANCE COMPANY, a Wisconsin Corporation,               Plaintiff-Appellant,

v. (01MR202)

NATHANIEL S. SHAPO, Director of the Illinois Department of Insurance; ROBERT ENOEX, Chief Counsel of the Illinois Department of Insurance; and THE ILLINOIS DEPARTMENT OF INSURANCE,

Defendants-Appellees.

)))))))))))))))))))))))))))))))))

Honorable

Thomas R. Appleton
,

Judge Presiding.

_________________________________________________________________

JUSTICE KNECHT delivered the opinion of the court:

Plaintiffs, foreign insurance companies, appeal the May 2001 order of the Sangamon County circuit court dismissing their consolidated complaints for administrative review, which plaintiffs filed after defendants, 
the Illinois Department of Insurance (Department), Nathaniel S. Shapo, Director of the Department (Director), and Robert Enoex, chief counsel of the Department,
 notified them the Director has no statutory authority to authorize refunds of privilege taxes plaintiffs paid.  We affirm.

I. BACKGROUND

Plaintiffs are all insurance or surety companies incorporated under the laws of states other than Illinois.  As foreign companies, they were subject to an annual tax of 2% of net taxable premium income, which was imposed by section 409 of the Illinois Insurance Code (Insurance Code) (215 ILCS 5/409 (West 1996)) for the privilege of doing business in Illinois (privilege tax).  Foreign companies may also be required to pay additional tax if the laws of their state impose greater taxes on Illinois companies doing business in their state (retaliatory tax).  215 ILCS 5/444, 444.1 (West 1996).

In 
Milwaukee Safeguard Insurance Co. v. Selcke
, 179 Ill. 2d 94, 104-05, 688 N.E.2d 68, 73 (1997), the Supreme Court of Illinois held section 409 of the Insurance Code (215 ILCS 5/409 (West 1996)) violated the uniformity clause of the Illinois Constitution (Ill. Const. 1970, art. IX, §2).  Relying on the holding in 
Milwaukee Safeguard
 and on section 412(1) of the Insurance Code (215 ILCS 5/412(1) (West 1996)), plaintiffs tendered amended
 annual privilege tax returns to the Department, requesting refunds of privilege taxes paid from 1991 to 1997.  Plaintiffs paid these taxes without protest.  Section 412(1) provides:

"Whenever it appears to the satisfaction of the Director that because of some mistake of fact, error in calculation, or erroneous interpretation of a statute of this or any other state, any authorized company has paid to him pursuant to any provision of law, taxes, fees[,] or other charges in excess of the amount legally chargeable against it, during the 6[-]year 
period immediately preceding the discovery of such overpayment, he shall have power to refund to such company the amount of the excess or excesses by applying the amount or amounts thereof toward the payment of taxes, fees[,] or other charges already due, or which may thereafter become due from that company until such excess or excesses have been fully refunded, or, at his discretion, to make a cash refund."  215 ILCS 5/412(1) (West 1996).

Following plaintiffs' requests, Enoex informed each plaintiff the Director is not authorized to provide refunds under section 412 on the basis taxes were paid under an invalid law.  In Sangamon County circuit court
, plaintiffs made timely complaints for administrative review following each of the Department's decisions.  In October 2000, defendants filed a motion to dismiss.  The circuit court allowed defendants' motion to consolidate the cases, but each case retained a separate record on review.  In February 2001, the circuit court allowed defendants' motion to dismiss.  In March 2001, plaintiffs filed a motion to reconsider, which the circuit court denied in May 2001.  This appeal followed.

II. ANALYSIS

A. Whether Section 412(1) Applies

Plaintiffs first contend they are entitled to refunds of overpaid privilege taxes under the plain meaning of section 412(1) of the Insurance Code because they erroneously interpreted section 409 of the Insurance Code to be valid and in force.  The Director argues section 412(1) has never provided a refund based on the unconstitutionality of a statute.  The Director has maintained this interpretation since 1988 and has recently incorporated it into a regulation.  See 50 Ill. Adm. Code §2525.50(b)(4) (West CD-ROM May 1999) (effective December 21, 1998).

Generally, statutory construction is a matter of law and is considered 
de
 
novo
 on review.  
People v. Slover
, 323 Ill. App. 3d 620, 623, 753 N.E.2d 554, 557 (2001).  We are not bound by an administrative agency's interpretation of a statute; however, we defer to the reasonable interpretation placed on a statute by the agency charged with its administration and enforcement.  
Morse v. Department of Professional Regulation
, 316 Ill. App. 3d 664, 667, 737 N.E.2d 678, 680 (2000)
.  The consistency and duration of the agency's interpretation are factors bearing on the deference to be given to the agency's interpretation.  
Schober v. Young
, 322 Ill. App. 3d 996, 1001, 751 N.E.2d 610, 614 (2001)
.

We agree with the Director's consistent, long-standing, and reasonable construction of section 412(1), which statute is unambiguous:  an erroneous interpretation of a statute does not include a finding of unconstitutionality of the statute in question.

No erroneous interpretation of a statute occurs when a taxpayer pays, and the Director collects, a tax pursuant to a statute later declared void because of a separate constitutional limitation
.  The fact the taxpayer complies with, and the Director enforces, an invalid statute as written does not mean either the taxpayer or the Director misconstrued the meaning of any word in the statute, 
i.e.
, erroneously interpreted it.  See 2A N. Singer, Sutherland on Statutes and Statutory Construction §45.04, at 24 (6th ed. 2000) 
(
"interpretation" determines the meaning of words).

Plaintiffs also urge us to construe section 412(1) to reach an equitable result and avoid allowing the State to retain illegally collected taxes.  
However, equity does not demand a refund because plaintiffs had a remedy but failed to pursue it:  they could have challenged the unconstitutional privilege tax by paying it under protest.  See 30 ILCS 230/2a (West 1996).

Therefore, incorrectly determining the constitutionality of section 409 is not an "erroneous interpretation" of that statute for the purpose of section 412(1).
  Under the plain meaning of section 412(1), plaintiffs are not entitled to a refund of unconstitutional taxes paid without protest.

We also reject plaintiffs' assertion the Director's possible misinterpretations of section 409 and section 444 in other litigation entitles them to section 412(1) refunds
 here.  
Nothing in the record showed plaintiffs paid unconstitutional privilege taxes because 
they
 misconstrued any statutory word or phrase.  Section 412(1) requires a causal link between t
he erroneous interpretation and the tax payment.  See 215 ILCS 5/412(1) (West 1996) (
"
because
 
of
 some *** erroneous interpretation of a statute ***, any authorized company 
has
 
paid
 *** taxes *** in excess of the amount legally chargeable against it" (emphasis added)).

We determine the Director did not err in refusing to apply section 412(1)
 to plaintiffs' privilege-tax refund claims.

B. Whether an Unconstitutional Bait and Switch Occurred

Plaintiffs next assert the Department violated their due process rights with an unconstitutional "bait and switch," which involves withdrawing "what plainly appear[s] to be a 'clear and certain' postdeprivation remedy, in the form of [a] tax refund statute" in favor of an alternative procedure, effectively leaving no remedy.  See 
Reich v. Collins
, 513 U.S. 106, 111, 130 L. Ed. 2d 454, 459, 115 S. Ct. 547, 550 (1994).  The Director argues Illinois did not "bait" plaintiffs into paying without protest because section 412(1) was never a clear and certain remedy for a postpayment refund of unconstitutional taxes.  We agree with the Director.

Plaintiffs primarily rely on a March 7, 1988, letter from the Director, denying an unrelated request for a privilege-tax refund based on the unconstitutionality of section 409 and section 444.  In the letter, the Director disagreed with the alleged constitutionality but additionally stated it:

"would not form the basis by which our Department of Insurance could order a refund of taxes or fees.  Section 412 of the Illinois Insurance Code is interpreted by the Department of Insurance as not providing a statutory basis for a refund of premium taxes where the unconstitutionality of a statute is the basis for the requested refund, and where no constitutional challenge to such statute has been upheld in any Illinois court of competent jurisdiction at the time of payment of the premium taxes."  

The letter concluded, "Since [s]ection 412 governs requests for refunds such as yours, your request for a refund is denied."  Contrary to plaintiffs' claim, the Director's letter did not concede section 412(1) provides a refund of unconstitutional taxes.
  Plaintiffs' negative inference is not supported by the letter's final line because it only generally states section 412 governs refund requests.

Judge Shiffman's March 1, 1993, memorandum opinion finding section 409 to be unconstitutional (Melhan v. Illinois, No. 88-L-134 (Cir. Ct. Sangamon Co.)) does not support plaintiffs' argument, either.  
That circuit court decision, which was vacated after the parties settled and does not mention section 412, stated its finding of unconstitutionality "does not resolve the refund question."

These examples fail to support plaintiffs' contention section 412(1) was a "clear and certain" remedy for refunding unconstitutional taxes.  We find no violation of plaintiffs' due process rights by any unconstitutional "bait and switch."

III. CONCLUSION

For the reasons stated, we affirm the circuit court's judgment.

Affirmed.

COOK and STEIGMANN, JJ., concur.